**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRISOFORO CEBRERRO DE LA CRUZ, <br><br>        Petitioner, <br><br>   v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br>        Respondent. | No. 07-72518 <br><br> Agency No. A098-177-425 <br><br><br> MEMORANDUM[*] |
| CRISOFORO CEBRERRO DE LA CRUZ, <br><br>        Petitioner, <br><br>   v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br>        Respondent. | No. 08-71573 <br><br> Agency No. A098-177-425 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted October 4, 2010[**]
Seattle, Washington

Before: THOMAS and M. SMITH, Circuit Judges, and EZRA, District Judge.[***]

Petitioner Crisoforo Cebrerro de la Cruz is a Mexican citizen who has conceded that he is removable from the United States. De la Cruz contends, however, that the Immigration Judge (IJ) abused his discretion and violated de la Cruz's due process rights by denying a motion to continue removal proceedings pending the Department of Homeland Security's (DHS's) disposition of his request for prosecutorial discretion. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"The decision to grant or deny [a] continuance is within 'the sound discretion of the judge and will not be overturned except on a showing of clear abuse.'" *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) (quoting *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008) (per curiam)). "When reviewing an IJ's denial of a continuance, we consider a number of factors,

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

including: (1) the nature of the evidence excluded [or other statutory right impaired] as a result of the denial of the continuance, (2) the reasonableness of the immigrant's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted." *Ahmed*, 569 F.3d at 1012. In light of these four factors, we conclude that the IJ did not commit "clear abuse" by denying de la Cruz's second motion to continue removal proceedings.

First, de la Cruz had no "statutory right" that was "effectively pretermitted" by the IJ's action. *Contra Ahmed*, 569 F.3d at 1013. De la Cruz sought a continuance in order to allow DHS to act on his request for prosecutorial discretion. However, DHS's exercise of prosecutorial discretion is purely discretionary. *See* Ira J. Kurzban, *Kurzban's Immigration Law Sourcebook* 326 (12th ed. 2010) ("Prosecutorial discretion includes a broad spectrum of discretionary enforcement decisions including: whether to charge an individual; what charges to bring; to drop any charges in an ongoing case; and to settle a case by plea bargain."); *see also Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 483 (1999) ("At each stage the Executive has discretion to abandon the endeavor[.]"). Unlike the petitioner in *Ahmed*, who had a statutory right to receive a decision on his pending visa appeal, de la Cruz had no statutory

right to receive a decision on his pending request for prosecutorial discretion. *See Ahmed*, 569 F.3d at 1013.

Second, de la Cruz's conduct contributed in part to his need for a continuance. Despite receiving a Notice to Appear nearly five months before the initial hearing date, he waited until three days before the hearing to request prosecutorial discretion. Accordingly, "[t]he need for a continuance . . . result[ed]" at least in part "from . . . unreasonable conduct on [de la Cruz's] part." *Id*.

With respect to the third and fourth factors, de la Cruz had already received a prior continuance and was essentially asking the IJ for an open-ended continuance into the indefinite future. As this court has previously noted, "an IJ cannot be expected to continue a case indefinitely." *Id.* at 1014.

In light of these considerations, the IJ did not abuse his discretion by denying the motion for a continuance. *See Sandoval-Luna*, 526 F.3d at 1247 (holding that IJ did not abuse its discretion by denying petitioner's request for continuance in order to benefit from potential future regulatory changes).

De la Cruz did not suffer a due process violation. He was represented by counsel and received a full and fair opportunity to present evidence and legal arguments to the IJ. *See, e.g.*, *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926–27 (9th Cir. 2007) ("Where an alien is given a full and fair opportunity to be

represented by counsel, to prepare an application for . . . relief, and to present testimony and other evidence in support of the application, he or she has been provided with due process."). In addition, de la Cruz has not shown that he was prejudiced by the IJ's refusal to continue proceedings because he has not shown that, had proceedings been continued, DHS would have exercised its prosecutorial discretion in his favor. *See Ali v. Mukasey*, 524 F.3d 145, 148, 150 (2d Cir. 2008) (rejecting petitioners' argument that they had been "depriv[ed] . . . of the opportunity to benefit from the favorable exercise of prosecutorial discretion" because they failed to show any prejudice resulting from the lost opportunity).

Finally, de la Cruz has waived any arguments regarding the Board of Immigration Appeals' denial of his motion to reopen proceedings. *Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007) ("[A]n issue referred to in the appellant's statement of the case but not discussed in the body of the opening brief is deemed waived." (internal quotation marks and citation omitted)).

**PETITION DENIED.**